IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRELL LEE LAWRENCE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-0476-K |
| | § | |
| CHASE BANK USA, N.A. d/b/a CHASE, | § | |
| | § | |
| Defendant. | § | |

## ORDER REQUIRING SCHEDULING CONFERENCE AND
## REPORT FOR CONTENTS OF SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b), Rule 26 and the Court's Civil Justice Expense and Delay Reduction Plan (the "Plan"), the Court enters this Order to promote possible early settlement of this action and to facilitate subsequent entry of a Scheduling Order. This Order is being sent to all counsel and unrepresented parties who have appeared. If there are other parties who have not appeared, but who have been in contact with the plaintiff or plaintiff's counsel, then the plaintiff's counsel (or the plaintiff if the plaintiff is unrepresented) is responsible for contacting such parties and making every effort to ensure their meaningful participation in the conference described below.

I.

Lead counsel for each party (or designee attorney with appropriate authority) and any unrepresented party (except for a prisoner litigant proceeding pro se) shall confer as soon as practicable, but in no event later than **20 days from the date of this order** (the "Scheduling Conference") to confer and (1) consider the nature and basis for the claims and defenses; (2) consider the possibilities for a prompt resolution of the case; (3) to make or arrange for the disclosure required by Fed. R. Civ. P. 26(a)(1) and prepare the report described below. It is the Court's belief that a personal face-to-face meeting is usually the most productive type of conference, but the Court will leave the determination of the form for the Scheduling Conference to the professionalism of the parties. As a result of the Scheduling Conference, counsel shall prepare and submit a Report Regarding Contents of Scheduling Order ("Joint Report"). The Joint Report shall also include a status report on settlement negotiations, but shall not disclose settlement figures.

If plaintiff(s) and defendant(s) **have not** already filed a Certificate of Interested Persons with the Clerk of Court, they are directed to do so no later than **7 days from the date of this order** so that the Court may ensure that recusal is not necessary.

II.

The Joint Report, which shall be filed no later than **10 days from the date of the scheduling conference**, shall include the following in separate numbered paragraphs, but not in the format of a proposed order.

1.  A brief statement of the claims and defenses;
2.  A proposed time limit to file motions for leave to join other parties;
3.  A proposed time limit to amend pleadings;
4.  A proposed time limit to file various types of motions, including dispositive motions.  The Court prefers the deadline for dispositive motions to be 120 days before trial.
5.  A proposed time limit for initial designation of experts;
6.  A proposed time limit for responsive designations of experts;
7.  A proposed time limit for objections to experts (i.e. *Daubert* and similar motions);
8.  A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to particular issues;
9.  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and what other limitations should be imposed;
10. A proposed trial date, estimated number of days required for trial, and whether a jury has been properly demanded; (The parties should note that the Court operates a three-week docket beginning the first Monday of each month.  Therefore, the parties should propose a trial date which corresponds with the first Monday of the agreed upon month.)
11. A proposed date for further settlement negotiations;
12. Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirements for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;
13. Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge (consent attached).

14.     Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when alternative dispute resolution would be most effective (e.g. before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;

15.     Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;

16.     Whether a conference with the Court is desired and the reasons for requesting a conference; and

17.     Any other matters relevant to the status and disposition of ths case, including any other orders that should be entered by the Court under Fed. R. Civ. P. 16(b), 16(c), and 26(c).

Filing the Joint Report is mandatory, and the **proposed deadlines provided shall be submitted as a date certain**. **(e.g. January 30, 2015.)**  All parties shall endeavor to prepare joint suggestions, but if they cannot agree, the Joint Report shall reflect their respective views.  In such a case, the Joint Report shall set forth with each party's respective recommendation a statement of why agreement could not be reached. The names of any persons in the case who did not participate in the conference shall be identified in the Joint Report.

III.

Unless plaintiff is unrepresented, lead counsel for plaintiff is responsible for initiating contact with opposing counsel and all unrepresented parties for the purpose of arranging the Scheduling Conference and preparing the Joint Report.  Lead counsel for all parties and unrepresented parties are equally responsible for seeing that this Order is complied with in a timely manner.  At least one counsel for each party and all unrepresented parties shall sign the Joint Report prior to filing.

IV.

Because Fed. R. Civ. P. 16(b) requires the Court to enter a Scheduling Order "as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant," any request for an extension of time to file the Joint Report shall be denied absent a showing of good cause.

V.

**Once the Scheduling Order is issued, an extension of the trial date will not be granted absent extraordinary circumstances.** Without filing a motion, the parties may agree to extend any date in the Scheduling Order except for the dispositive motion deadline, pretrial material filing deadline, and trial date; however, no extension will be given effect by the Court unless the Court receives prompt written notice confirming the existence of the extension.

VI.

Unless this is an action exempted by Fed. R. Civ. P. 26(a)(1)(E), or an objection to disclosure is asserted at the Scheduling Conference in good faith, as provided in Fed. R. Civ. P. 26(a)(1), the parties must make disclosures as required by Fed. R. Civ. P. 26(a)(1) no later than **14 days from the date of the scheduling conference**.

**SO ORDERED**.

Signed March 12th, 2015.

*Ed Kinkeade*

ED KINKEADE
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

_____ DIVISION


_____

    Plaintiff

v.                                                        Docket No. _____


_____

    Defendant

### CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c), the parties to the above captioned civil matter hereby waive their right to proceed before a Judge of the United States District Court and consent to have a United States Magistrate Judge conduct any and all further proceedings in the above styled case (including the trial) and order entry of a final judgment.

Party or Counsel of Record                                        Date


_____                    _____


_____                    _____


_____                    _____

NOTE:      Return this form to the District Clerk only if it has been executed by all parties to the case.

---

### ORDER OF REASSIGNMENT

IT IS HEREBY ORDERED that the above captioned matter be reassigned to the United States Magistrate Judge _____ for the conduct of all further proceedings and the entry of final judgment in accordance with 28 U.S.C. § 636(c) and the foregoing consent of the parties.

DATED: _____                                   _____
                                                                       UNITED STATES DISTRICT JUDGE

**TRIALS BY THE UNITED STATES MAGISTRATE JUDGE**

Miscellaneous Order #6 of the Northern District of Texas provides that the United States Magistrate Judges of this district court may, upon the consent of all parties in a civil case, conduct any or all proceedings in a civil case, including a jury or non-jury trial, and order the entry of a final judgment, in accordance with 28 U.S.C. § 636(c).  It is your obligation to serve the following "Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge", and the attached consent form, upon the defendant(s) with the complaint and summons.

**NOTICE OF RIGHT TO CONSENT TO
DISPOSITION OF A CIVIL CASE BY A UNITED
STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c), you are hereby notified that the United States Magistrate Judges of this district court, in addition to their other duties, may, upon the consent of all parties in a civil case, conduct any or all proceedings in a civil case, including a jury or non-jury trial, and order the entry of a final judgment.  Copies of appropriate consent forms for this purpose are available from the clerk of the court.

If a consent form is not filed within 20 days of the date that all parties have filed an answer or otherwise responded, the court will deem that failure as evidence that the parties wish that the cause of action proceed before the district judge to whom the case was assigned at the time it was originally filed.  Should all the parties subsequently consent to trial by a magistrate judge, however, the district judge may in his/her discretion so order.  Pursuant to 28 U.S.C. § 636(c), appeal to the United States Court of Appeals for the Fifth Circuit from a judgment of a magistrate judge is permitted in the same manner as an appeal from any other judgment of the Court.